UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| CHRISTINE SAMUEL, AS NATURAL PARENT AND GUARDIAN OF CSD, <br><br> Plaintiff, <br><br> -vs- <br><br> JAMES H. DICKEY and JAMES H. DICKEY LAW FIRM, <br><br> Defendants. | Civil Action No.: 4:12-cv-2277-TLW-TER <br><br><br> **REPORT AND RECOMMENDATION** |

## I.     INTRODUCTION

Plaintiff Christine Samuel filed this legal malpractice and breach of fiduciary duty action in this court on August 9, 2012, alleging jurisdiction under 28 U.S.C. § 1332.[1] In December of 2012, Samuel requested and was granted an extension of time to perfect service on Defendants. In January, Samuel was granted leave to serve Defendants by publication. Defendants did not make an appearance in this action and the clerk of court made an entry of default as to both Defendants on September 30, 2013. See Clerk's Entry of Default (Docket Entry # 15). Plaintiff then filed a Motion for Default Judgment (Document # 16). Following a default judgment hearing, the undersigned entered a Report and Recommendation (Docket Entry # 30) recommending that the motion be granted and judgment be entered against Defendants in the amount of $1,050,000. On March 23, 2015, the District Judge accepted the recommendation, granted Plaintiff's motion, and entered judgment in the amount of $1,050,000.

---

[1] The court previously found that Plaintiff met her burden of establishing by a preponderance of the evidence that diversity of jurisdiction between the parties existed. Report and Recommendation (Document # 30). As set forth below, other than his own, self-serving statement at the hearing on this motion, Defendants have failed to present any evidence with regard to this issue.

Defendant James H. Dickey made his first appearance in this action on July 7, 2015. He filed and Action to Set Aside Default Judgment (Docket Entry # 36), which was docketed as a Motion to Set Aside Default. Plaintiff filed a Response (Docket Entry # 38) to the Motion, and Defendant filed a Reply (Docket Entry # 40). A hearing was held on Defendant's Motion on November 3, 2015, at which both parties appeared. Plaintiff was given five days from the date of the hearing to file a supplement and Defendant was allowed five days thereafter to file a response. Defendant did not timely file a response to Plaintiff's supplement.

This motion was referred to the undersigned pursuant to 28 U.S.C. § 636. This report and recommendation is entered for review by the district judge.

## II.   PROCEDURAL HISTORY

After filing the complaint in this action, counsel for Samuel and his staff attempted to locate Defendant James H. Dickey in South Carolina, but were unable to find him or any owner-occupied residential property in South Carolina. Second Jophlin Aff. ¶ 4 (Docket Entry # 29). However, through his investigation, counsel discovered that Dickey was the owner of record of approximately six parcels of land in Darlington County, although the tax assessor's office does not show any of these parcels as "owner occupied." Second Jophlin Aff. ¶ 6 and Ex. A. Dickey has paid property taxes on the parcel located at H St. & Society Ave. Lots 5 & 6 (parcel number 055-07-03-058) as recently as December 1, 2014. Second Jophlin Aff. ¶ 8 and Ex. B.

Further, counsel was aware that Dickey held himself out as a resident of Georgia. Revised Jophlin Aff. ¶ 6 (Docket Entry # 28). The retainer agreement signed by Samuel in the underlying medical malpractice and documents submitted to the Darlington County Clerk of Court in 2000 indicate Dickey's firm was located in Atlanta, Georgia at that time. Second Jophlin Aff. ¶ 9 and Ex. C.

-2-

In preparation to serve Defendants, counsel for Plaintiff searched the South Carolina Bar Organization's Member Directory for a current address for Dickey, and the address listed was for an office in Atlanta, Georgia. Revised Jophlin Aff. ¶ 5. Counsel also spoke to members of South Carolina's Office of Disciplinary Counsel and the South Carolina Department of Public Safety's Office of General Counsel, who verified that they were unaware of any permanent residential address for Dickey within the state of South Carolina, and directed counsel to responses Dickey made to their office containing an Atlanta, Georgia address. Jophlin Aff. ¶ 5 and Ex. D. Counsel then checked the Georgia State Bar website, which listed an address for Dickey of 1745 Martin Luther King, Jr. Dr., NW, P.O. Box 2405, Atlanta, Georgia 30301. Jophlin Aff. ¶ 5 and Ex. D.

Upon locating the Atlanta, Georgia address, counsel for Plaintiff hired Atlanta Legal Services, Inc. in September of 2012 to personally serve Dickey. Atlanta Legal Services made seven unsuccessful attempts to personally serve James H. Dickey at his last known address of 1745 Martin Luther King Jr. Drive, Atlanta, Georgia. Affidavit of Due Diligence (Ex. A to Pl. Motion for Service by Publication). In October of 2012, counsel for Plaintiff hired Tammie Gruhn who is a process server located in Atlanta to serve the Defendant with the Summons and Complaint in this matter. After numerous attempts, telephone calls and research, Ms. Gruhn was also unable to serve Defendant James H. Dickey. Gruhn Affidavit of Due Diligence (Ex. B to Pl. Motion for Service by Publication).

Thereafter, Plaintiff moved to serve Defendants by publication in Atlanta, Georgia, and the motion was granted, allowing Plaintiff to serve Defendants by publication in accordance with federal and state law.² See Order dated January 18, 2013 (Docket Entry # 12). The order directed Plaintiff

---

²Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following the state law for serving a summons in an action brought in courts of general

-3-

-4-

to insert "a copy of the Summons and Notice of the location and date of filing of the Summons and Complaint [ ] into the Atlanta Journal-Constitution or other newspaper of the Atlanta, Georgia area at a frequency of not less than one (1) publication per week for a period of three (3) consecutive weeks."[3] Order dated January 18, 2013.  In February of 2013, Plaintiff served Defendants by publication in the Daily Report[4] in Atlanta, Georgia for three consecutive weeks.  Affidavit of Service by Publication (Docket Entry # 13).  Defendants did not answer Plaintiff's complaint or otherwise make a timely appearance in this action.  Plaintiff requested a clerk's entry of default, which was entered on September 30, 2013.

On May 6, 2014, Plaintiff filed a Motion for Default Judgment (Docket Entry # 16).  On January 23, 2015, a Notice of Hearing (Docket Entry # 19) was filed for a damages hearing on the Motion for Default Judgment, scheduled for February 10, 2015.  Although not required by the rules as a result of Defendants' default, Plaintiff provided notice to Defendants via certified mail to two addresses in Atlanta, Georgia and a third address in Cambridge, Massachusetts.[5]  See Notice of Hearing (Ex. A to Pl. Resp.).  Both of the notices sent to Atlanta, Georgia addresses were returned to sender.  The notice mailed to Cambridge, Massachusetts was signed for and accepted by C.Perez.

---

jurisdiction in the state where the district court is located or where service is made."  South Carolina law allows service by publication when a nonresident, upon whom service cannot be made, has property in this state and the court has jurisdiction over the matter. S.C. Code Ann. § 15-9-710(4).  As set forth above, Dickey is a non-resident of South Carolina who owns property in this state.  Further, this court has jurisdiction over this matter.

[3]S.C. Code Ann. § 15-9-740 provides for such service.

[4]The Daily Report is the "legal organ" for Fulton County, Georgia.  Jophlin Aff. ¶ 7 and Ex. F.  A legal organ is the paper in which sheriff's advertisements are printed.  See O.G.C.A. § 9-13-140; O.G.C.A. § 9-11-4.

[5]Counsel for Plaintiff stated during the hearing on the motion to set aside default that Plaintiff found this address on a website when attempting to locate Defendants to serve the notice of the hearing.

Id. Defendants did not appear for the damages hearing.

At the damages hearing, Plaintiff and her daughter presented testimony as to the underlying medical malpractice action, including an expert affidavit opining as to Dr. Harvey Brown's deviation from the standard of care and evidence regarding damages sustained as a result of the medical malpractice and the subsequent legal malpractice by Defendants.

The undersigned entered a Report and Recommendation (Docket Entry # 30) on the Motion for Default Judgment on February 26, 2015. The undersigned noted that the allegations in Plaintiff's complaint were accepted as true in light of Defendant's default. See DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.1 (4th Cir. 2009) (accepting plaintiff's allegations against defaulting defendant as true, noting a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established") (quoting Ryan v. Homecomings Fin. Network, 253 F.3D 778, 780 (4th Cir. 2001)), and recommended, based upon the allegations accepted as true, the evidence presented at the damages hearing, and the relevant case law, that judgment be entered against Defendants in the amounts of $350,000 for actual damages and $700,000 punitive damages, for a total judgment of $1,050,000.

Following the proscribed period of time for filing objections to a report and recommendation, on March 23, 2015, the District Judge entered an Order (Docket Entry # 34) accepting the Report and Recommendation, granting the Motion for Default Judgment, and entering a Judgment against Defendants in the amount of $1,050,000.

Plaintiff recorded the judgment in Darlington, County, South Carolina on April 10, 2015, and in Fanin County, Georgia on April 20, 2015. In an attempt to locate Defendant's liability carrier, Plaintiff's counsel attempted to contact Defendants via telephone on May 18, 2015, and provided Defendant Dickey with the Complaint, Report and Recommendation, Order for Default Judgment,

and Entry of Judgment via electronic mail.[6]

On July 7, 2015, Defendant Dickey filed the present "Action to Set Aside Default."

## III.  DISCUSSION

Defendant references Fed.R.Civ.P. 55 in his action to set aside default. However, Fed.R.Civ.P. 55(c) allows for relief from an entry of default. When a final default judgment has been entered, as here, Fed.R.Civ.P. 60(b) is the appropriate avenue for relief. Rule 60(b) provides and extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. McLawhorn v. John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991) (quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)). Before evaluating the merits of a claim under Rule 60(b), the moving party must make a showing of timeliness, a meritorious defense, and a lack of unfair prejudice to the opposing party. National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (citing Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)). Once the movant has made such a showing, he must proceed to satisfy one or more of the rule's six grounds for relief from judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed.R.Civ.P. 60(b); see also United States v. Winestock, 340 F.3d 200, 203-04 (4th Cir. 2003).

"A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding."

---

[6]Plaintiff's counsel notes that he attempted to contact Defendants at this email address one year prior, on June 2, 2014, and received no response.

Fed.R.Civ.P. 60(c)(1). Defendant filed his motion a little less than three months after judgment was entered against him. Thus, his motion was timely under the rule.

To assert a meritorious defense, "the moving party must show that, if relieved from the order and given another chance to litigate the underlying issues, he will have meritorious arguments to deflect the opposing party's claims." Coomer v. Coomer, 217 F.3d 838 (4th Cir. 2000) (unpublished table decision) (citing Dowell v. State Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993)). "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988); see also U.S. v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982) ("all that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the court or the jury to find for the defaulting party."). Thus, the moving party does not have to prove conclusively that he would prevail, only that there is sufficient evidence to permit a court to find in his favor. See, e.g., Jones v. Phipps, 39 F.3d 158, 165 (7th Cir. 1994) ("A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, bur rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis.").

Defendant offers the statute of limitations as a meritorious defense in this action, arguing that Plaintiff should have been aware of her alleged claim of legal malpractice at least seven years prior to the filing of this case. Essentially, he argues that he met with Plaintiff approximately five years prior to the disciplinary hearing against Defendant and seven years prior to the filing of the present action to inform her that her medical malpractice case had been dismissed and was on appeal, and, therefore, she was placed on notice that she may have a claim for legal malpractice against him at

that point. See, e.g., Gibson v. Bank of America, N.A., 383 S.C. 399, 406, 680 S.E.2d 778, 782 (Ct. App. 2009) ("The clock starts running when the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some claim against another party might exist."). Defendant presents no evidence to support this argument. At the damages hearing, Plaintiff testified that she had difficulty contacting Defendant to receive updates about her case. She testified that, during her last conversation with him, he informed her that the case was going on appeal and that it takes years to get a court date. She testified that Defendant never informed her that her case had been dismissed and that she first learned of the dismissal and the reasons for the dismissal during the disciplinary proceedings. Even if Defendant did notify Plaintiff that her case had been dismissed and was on appeal, based upon the record presented, Defendant's argument is tenuous.[7] See Stokes-Craven Holding Corp. v. Robinson, — S.E.2d —, 2015 WL 5247124 (S.C. 2015).[8]

Assuming, arguendo, a meritorious defense, Defendant must also make a showing of a lack of unfair prejudice to the opposing party. Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984). Defendant states that "there is clearly no lack of prejudice [sic] to have trial on the merits." Def. Reply (Docket Entry # 40) p. 2. Generally, courts have found a lack of prejudice where the party would suffer no more than any other party would have to suffer as a result of having to re-litigate an

---

[7] At the hearing, Defendant stated that he certainly never told Plaintiff that he committed negligence.

[8] While it does not appear that Stokes-Craven established a new rule applicable to the facts of this case, as a common rule, judicial decisions in civil cases are presumptively retroactive. See Harper v. Va. Dep't of Taxation, 509 U.S. 86, 95–96, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (discussing the "presumptively retroactive effect" of civil decisions); see also 20 Am.Jur.2d Courts § 150 (2013) ("[I]t is said that, unlike legislation, which is presumptively prospective in operation, judicial decisions are presumptively retrospective."); cf. Goff v. Morgan Mills, 279 S.C. 382, 308 S.E.2d 778 (1983) (holding that statutory enactments that are remedial or procedural in nature, such as a statute of limitations, are presumptively retroactive).

issue. See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988) ("As to prejudice, we perceive no disadvantage to Augusta beyond that suffered by any party which loses a quick victory."); Werner, 731 F.2d at 207 ("The only prejudice claimed by Werner is that present when any judgment is vacated: the protraction of proceedings, the time and expense of a new trial, the loss of post-judgment interest."); Kozak v. FedEx Kinko's, Inc., No. CIV.A. 3:07CV187, 2008 WL 682580, *2 (E.D.Va. Mar. 7, 2008) ("The only prejudice to FedEx Kinko's is the potential for re-litigation, which, as previously, noted, is insufficient to constitute legal prejudice."). Here, the prejudice to Plaintiff is limited to having to fully litigate this case, which is not unique to Plaintiff in this case.

Again, assuming, arguendo, a meritorious defense, Defendant has shown timeliness and a lack of unfair prejudice if his motion for relief from judgment was granted. However, the analysis does not end here. The court next moves to a determination of whether Defendant has satisfied one or more of Rule 60(b)'s six grounds for relief from judgment. Defendant does not address the specific grounds for relief provided in Rule 60(b). However, he argues that the judgment was "illegal, without notice, and without proper jurisdiction of this court," and that Plaintiff has presented facts to the court that she knows are untrue and "seeks to perpetuate a fraud upon the courts." Action to Set Aside Default p. 1. Defendant's first argument, that the judgment was illegal, without notice and without proper jurisdiction of the court, would fall within Rule 60(b)(4), that the judgment is void.

Defendant appears to argue that this court lacks personal jurisdiction over him for failure to properly serve him. He makes a vague reference that service of process in this action by publication was not proper because it was made "in an area where the Defendant is not found" and "arguably no longer present during the relevant time period." Def. Reply pp. 1, 2. He states generally that

-9-

"[t]here was never any avoidance of service of a matter not known to the Defendants who had voluntarily ceased the active practice of law in Georgia for over five (5) years . . . ." Id. Even if true, this assertion would not establish grounds for relief. Nonetheless, Defendant provides no evidence to support this claim.[9] The evidence in the record as set forth above provides, in detail, the attempts made by Plaintiff's counsel and two separate process servers to serve Defendants prior to requesting leave to serve them by publication. Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." South Carolina law allows service by publication when a nonresident, upon whom service cannot be made, has property in this state and the court has jurisdiction over the matter. S.C. Code Ann. § 15-9-710(4). As set forth above, Defendant is a non-resident of South Carolina who owns property in this state and upon whom service could not be made despite numerous attempts. Further, this court has subject matter jurisdiction over this case. See Footnote 1, supra. Accordingly, the district judge granted Plaintiff leave to serve Defendants by publication. The order directed Plaintiff to insert "a copy of the Summons and Notice of the location and date of filing of the Summons and Complaint [ ] into the Atlanta Journal-Constitution or other newspaper of the Atlanta, Georgia area at a frequency of not less than one (1) publication per week for a period of three (3) consecutive weeks," as provided in S.C. Code Ann. § 15-9-740. Plaintiff complied with this order by serving Defendants by publication in the Daily Report[10] in Atlanta, Georgia for three consecutive weeks. Affidavit of

---

[9]At the hearing, Plaintiff made reference to living in South Carolina. However, he presented no evidence to this end.

[10]The Daily Report is the "legal organ" for Fulton County, Georgia. Jophlin Aff. ¶ 7 and Ex. F. A legal organ is the paper in which sheriff's advertisements are printed. See O.G.C.A. § 9-13-140; O.G.C.A. § 9-11-4.

Service by Publication (Docket Entry # 13).

Defendant appears to argue that service by publication should not have been allowed. However, when an issuing officer is satisfied by the affidavit of due diligence, his decision to order service by publication is final absent fraud or collusion. Wachovia Bank of South Carolina, N.A. v. Player, 341 S.C. 424, 429, 535 S.E.2d 128, 130 (2000) (citing Yarbrough v. Collins, 293 S.C. 290, 360 S.E.2d 300 (1987); Ingle v. Whitlock, 282 S.C. 391, 318 S.E.2d 367 (1984); Gibson v. Everett, 41 S.C. 22, 19 S.E. 286 (1894); Yates v. Gridley, 16 S.C. 496 (1882)). Defendant presents no such evidence. To the extent Defendant argues that service by publication in Fulton County Georgia was improper, the South Carolina Court of Appeals has held that it is in the trial court's discretion to determine the proper newspaper location for service by publication when the defendant can not be found in either the county where the property is located or at his last known address in another state. Carmichael v. Oden, 2009 WL 9524614 (S.C. Ct. App. 2009). Defendant's last known address at the time of service was an Atlanta, Georgia address. Therefore, he fails to show that the judgment in this case is void for lack of proper service.

Defendant also argues that Plaintiff perpetrated a fraud upon the court by relying on transcripts from the disciplinary hearing, in which the details of Defendant's failure to prosecute Plaintiff's medical malpractice action were set forth. He argues that Plaintiff presented false testimony during the disciplinary hearing and, thus, perpetrated a fraud on this court by presenting that testimony here. This argument for relief from judgment presumably falls under Rule 60(b)(3), fraud, misrepresentation, or other misconduct of an adverse party. A moving party must establish three factors in order to state a successful Rule 60(b)(3) motion: "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case."

Schultz v. Butcher, 24 F.3d 626, 630 (4th Cir.1994) (citing Square Constr. Co. v. Washington Metro. Area Transit Auth., 657 F.2d 68, 71 (4th Cir.1981)).  As discussed above, Defendant has presented a potential, meritorious defense.  However, he fails to present any evidence, much less clear and convincing evidence, of any misconduct or fraud on the part of Plaintiff.  "Rule 60(b)(3) focuses not on erroneous judgments as such, but on judgments which were unfairly procured."  Schultz, 24 F.3d at 631.  Unsupported allegations of fraud alone, without evidence, are not grounds for vacating a judgment under Rule 60(b)(3). Harris v. Mapp, 719 F.Supp. 1317, 1328 (E.D.Va.1989); see also Cleveland Demolition Co., Inc. v. Azcon Scrap Corp., 827 F.2d 984 (4th Cir.1987) (routine evidentiary conflict does not justify serious allegations of attorney misconduct).  Finally, even if he had presented clear and convincing evidence of fraud or misconduct, he fails to show that this misconduct prevented him from fully presenting his case.  Defendant was prevented from presenting his case as a result of his failure to make an appearance in this action prior to judgment being entered.  As a result, the court accepted as true the allegations in the complaint.  Defendant fails to show that the alleged misconduct by Plaintiff prevented him from making an appearance in this action.  Further, he fails to show that, had he appeared in this action to defend the allegations against him, the alleged misconduct would have prevented him from fully presenting his case.  Thus, Defendant fails to state a successful claim for relief from judgment under Rule 60(b)(3).

In sum, Defendant fails to meet his burden of establishing grounds for relief under Fed.R.Civ.P. 60(b).  Therefore, his motion to set aside default judgment should be denied.

-13-

## IV. CONCLUSION

For the reasons discussed above, it is recommended that Defendant's Motion to Set Aside Default Judgment (Docket Entry # 36) be denied.

                      s/Thomas E. Rogers, III
                      Thomas E. Rogers, III
                      United States Magistrate Judge

February 17, 2016
Florence, South Carolina

**The parties are directed to the important notice on the following page.**