IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Christine Samuel, as Natural Parent and Guardian of CSD, | ) ) ) | Case No.: 4:12-cv-2277-TLW |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| James H. Dickey and James H. Dickey Law Firm, | ) ) ) | |
| Defendants. | ) ) ) | |

This matter comes before the Court for consideration of the Report and Recommendation ("R&R") filed by United States Magistrate Judge Thomas E. Rogers, III, on February 17, 2016. (ECF No. 59.)   The Magistrate Judge recommends denying Defendant James H. Dickey's ("Dickey") motion to set aside a default judgment.  For the reasons set forth below, the R&R is hereby accepted.

## BACKGROUND

Plaintiff Christine Samuel filed this action on behalf of her minor daughter asserting legal malpractice and breach of fiduciary duty claims against Defendants James H. Dickey and the James H. Dickey Law Firm.  (ECF No. 1.)  Plaintiff's Complaint alleges she engaged Dickey in 1997 to handle a medical malpractice claim (the "Underlying Action") against her obstetrician, Dr. Brown, who allegedly injured Plaintiff's daughter at birth by improperly using a vacuum extraction device, causing the daughter to have brain damage and seizures.  (*Id.* ¶¶ 9-15.)[1]  On

---

[1] As the Magistrate Judge observed, the well-pleaded allegations in Plaintiff's Complaint are accepted as true in light of Dickey's default.  *See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.1 (4th Cir. 2009) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

February 4, 2000, Dickey filed a medical malpractice lawsuit in state court against Dr. Brown and his practice, and the defendants moved to dismiss that action.  (*Id*. ¶¶ 16-17.)  After requesting several continuances, Dickey failed to appear at multiple hearings scheduled for the motion to dismiss.  (*Id*. ¶¶ 18-22.)  Additionally, Dickey failed to comply with a court order directing him to respond to Dr. Brown's discovery requests.  (*Id*. ¶¶ 21-23.)  On December 18, 2000, Dr. Brown filed a motion for summary judgment.  (*Id*. ¶ 25.)  Again, Dickey failed to appear at the hearing scheduled on that motion.  (*Id*. ¶ 26.)  The court granted summary judgment and dismissed the Underlying Action with prejudice based on Dickey's failure to prosecute.  (*Id*. ¶ 27.)  Dickey moved for reconsideration, but failed to appear at the hearing scheduled on his motion without requesting a continuance or otherwise notifying the court that he would not attend.  (*Id*. ¶ 28.)  Thereafter, Dickey filed a notice of appeal and a petition of certiorari with the South Carolina Supreme Court.  (*Id.* ¶ 28.)  His request for certiorari was denied.  (*Id*.)

Throughout this process, Dickey failed to notify Plaintiff why the Underlying Action had been dismissed.  (*Id.* ¶¶ 29, 31.)  Plaintiff did not learn of the true disposition of the Underlying Action until she was contacted by the South Carolina Office of Disciplinary Counsel in 2010 as part of an investigation into Dickey's law practice.  (*Id*. ¶ 30.)   Dickey was suspended from the practice of law in 2011.  (*Id*. ¶ 31.)

## PROCEDURAL HISTORY

Plaintiff filed the instant lawsuit on July 9, 2012, but was unable to effect service on Dickey after making several diligent attempts to do so.  (*See* ECF No. 59, pp. 1-2.)  In preparation to serve Dickey, counsel for Plaintiff searched the South Carolina Bar Organization's Member Directory for his current address, and the address listed was for an office in Atlanta, Georgia.  (Revised Jophlin Aff. ¶ 5; ECF No. 28-1.)  Counsel also spoke to members of South Carolina's Office of

Disciplinary Counsel and the South Carolina Department of Public Safety's Office of General Counsel, who verified that they were unaware of any permanent residential address for Dickey within the state of South Carolina, and directed counsel to responses Dickey made to their office containing an Atlanta, Georgia address. (*Id*. ¶ 5 and Ex. D.) Counsel then checked the Georgia State Bar website, which listed an address for Dickey of 1745 Martin Luther King, Jr. Dr., NW, P.O. Box 2405, Atlanta, Georgia 30301. (*Id*.) Upon locating the Atlanta, Georgia address, counsel hired Atlanta Legal Services, Inc. in September 2012 to personally serve Dickey. Atlanta Legal Services made seven unsuccessful attempts to personally serve Dickey at his last known address of 1745 Martin Luther King Jr. Drive, Atlanta, Georgia. (Aff. of Due Diligence; ECF No. 11-1.) In October 2012, counsel for Plaintiff hired Tammie Gruhn who is a process server located in Atlanta to serve Dickey with the Summons and Complaint in this matter. After numerous attempts, telephone calls and research, Ms. Gruhn was also unable to serve Dickey. (Aff. of Due Diligence; ECF No. 11-2.)

On January 18, 2013, this Court granted leave to serve Dickey by publication. (ECF No. 12.) Dickey failed to answer or respond to publication by service, and the Court made an entry of default on September 30, 2013. (ECF No. 15.) On May 6, 2014, Plaintiff moved for a default judgment and the motion was referred to Magistrate Judge Rogers. After a February 10, 2015, hearing regarding the damages suffered by Plaintiff, the Magistrate Judge entered a first R&R recommending a judgment in the amount of one-million, fifty thousand dollars ($1,050,000) consisting of $350,000 in actual damages and $700,000 in punitive damages. (ECF Nos. 20 and 30.) On March 23, 2015, this Court accepted the first R&R and entered default judgment. (ECF Nos. 34 and 35.)

Several months later, on July 7, 2015, Dickey made his first appearance in this case by

filing a *pro se* motion to set aside the final default judgment. (ECF No. 36.) Plaintiff filed a brief in opposition to this motion (ECF No. 38), and Dickey filed a brief in reply (ECF No. 40). The case was reassigned to Magistrate Judge Rogers and he held a second hearing on November 3, 2015. On February 17, 2016, the Magistrate Judge entered a second R&R which recommends denying Dickey's motion because he failed to establish a ground for relief under Federal Rule of Civil Procedure 60(b). (ECF No. 59.)

### DISCUSSION

This matter now comes before this Court for review of the second R&R. Dickey filed objections to the R&R on March 7, 2016, (ECF No. 61) and Plaintiff replied on March 25 (ECF No. 64).[2] This matter is now ripe for decision.

In reviewing the R&R, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, this Court closely reviewed *de novo* the Magistrate Judge's second R&R, Dickey's objections, Plaintiff's reply, and the record in this case. As set forth in detail below, Dickey's objections do not warrant rejecting or modifying the

---

[2] Dickey also filed a duplicate copy of his objections, docketed as ECF No. 63.

Magistrate Judge's findings or recommendations and, therefore, the second R&R is accepted.

In his objections, Dickey first asserts that judicial misconduct led to his suspension from the practice of law. Dickey states that "the local S.C. bar, Circuit Judges and Clerk of court [sic] acted in concert to concoct false allegations against the Defendant in retaliation against his aggressive law practice on behalf of the minority community . . . ." (ECF No. 61, p. 1.) Likewise, Dickey has asserted he was the victim of judicial misconduct in other filings in this lawsuit. (*E.g.*, ECF No. 57, p. 2 (attributing his suspension to "the actions of local attorneys and a judge of Darlington County to sabotage the right of the Defendant's practice of law and efforts to protect the interest of the minority community"); ECF No. 40, p. 2 (urging "this Court and Judges (unless it endorses the judicial racketeering of S.C.) to not be misled by the simple verbiage of what is factual versus the smokescreens in front of justice") (errors in originals).) Dickey's unsupported allegations of judicial misconduct do not constitute a ground to reject the second R&R. There is no merit to his position.

In Paragraph 1 of his objections, Dickey argues he was prejudiced by Plaintiff's submission of evidence after the November 3, 2015 hearing before Magistrate Judge Rogers. (ECF No. 61, ¶ 1.) The evidence in question consists of a Panel Report of the South Carolina Commission on Lawyer Conduct (ECF No. 55-1) and various other states' bar records showing that Dickey was suspended from the practice of law (ECF No. 55-2). Plaintiff submitted these documents with the Court's leave after the November hearing. Dickey asserts he was denied an "equal opportunity to present [his] own additional evidence." (ECF No. 61, ¶ 1.) However, the record indicates Dickey never sought to present additional evidence. Thus, Dickey has not shown he was denied an opportunity to present evidence, nor has he shown he was unduly prejudiced by the evidence submitted.

Additionally, Dickey asserts the Magistrate Judge erred in not considering his December 7, 2015 motion to exclude Plaintiff's additional evidence and issue a $250,000 sanction based on Plaintiff's "improper submission of purported evidence." (ECF No. 61, p. 2; *see also* ECF No. 57.) As stated in the second R&R, the Magistrate Judge did not consider Dickey's motion because it was not timely filed pursuant to the directive issued at the November hearing. (ECF No. 59, p. 2.) Dickey's motion also fails on the merits. In the motion, Dickey summarily asserts that the Panel Report and state bar records are inadmissible hearsay under Federal Rule of Evidence 803, but he fails to present a compelling argument for excluding these documents from this non-jury proceeding. (ECF No. 57.) Furthermore, when Plaintiff submitted these documents, she explained they fall within the business records exception, Rule 803(8). (ECF No. 55.) In light of the exception identified by Plaintiff, this Court concludes that Dickey failed to persuasively argue for the exclusion of this evidence in this non-jury proceeding. Therefore, Dickey's objection regarding Plaintiff's additional evidence does not constitute a ground to reject the second R&R.[3]

In Paragraph 2, Dickey argues there is insufficient evidence to support Plaintiff's legal malpractice claim. (ECF No. 61, ¶ 2.) However, the Magistrate Judge concluded that Plaintiff presented evidence on each element of her legal malpractice claim as discussed in detail in the first R&R. (ECF No. 30, p. 10.) For example, at the February 10, 2015 hearing, Plaintiff presented an affidavit from a licensed physician who is board certified in obstetrics and gynecology, Lisa Maselli, M.D. (ECF No. 24-1.) Dr. Maselli opined that Plaintiff's daughter's injuries during birth resulted from specific negligent acts and omissions committed by Dr. Brown, the defendant

---

[3] With regard to sanctions, the Court finds no basis to conclude that awarding sanctions would, as Dickey suggests, "serve as clear notice that lawyers and law firms that seeks [sic] to violate their oath office [sic] and abuse their power as officers of the court to mislead our courts and judicial system will not be tolerated." (ECF No. 57.) Therefore, Dickey's request for sanctions is denied.

6

physician in the Underlying Action.  (*Id.*)  Additionally, Plaintiff produced an affidavit from Charles Hodge, Esquire.  Mr. Hodge explains that the following acts and omissions constituted breaches of the standard of care in Dickey's handling of the Underlying Action: "[f]ailure to appear at scheduled court hearings; [r]equesting a continuance in violation of a court order; [f]ailure to answer discovery requests; [f]ailure to notify his client that her action was dismissed and [the] reason for dismissal; [f]ailure to notify his client of an appellate decision affirming the lower court; [f]ailure to keep proper communication with client during proceedings; [f]ailure to inform his client of his interim suspension; [and] [d]ishonesty and/or misrepresentation with the lower court." (ECF No. 24-4, ¶¶ 7(a)-(h).)  Plaintiff also testified in court and produced relevant medical records to support her asserted damages.  (ECF No. 30, p. 10.)  This Court concludes, as the Magistrate Judge found in the first R&R, there is sufficient evidence to support Plaintiff's asserted claims. (*See id.*, p. 11.)   Therefore, Dickey's second objection fails to establish a ground to reject the second R&R.

In Paragraph 3, Dickey challenges the award of punitive damages as being barred by "the circumstances of laches."  (ECF No. 61, ¶ 3.)  However, Dickey provides no persuasive argument of how the defense of laches could apply to this case.  This unsupported assertion does not provide a basis to modify the punitive damages award or reject the second R&R.[4]  Dickey asserts no other specific or persuasive argument challenging the punitive damages award.

In Paragraph 4, Dickey asserts this Court lacks subject matter jurisdiction because it "cannot presumably make a clear finding of fact that the Defendant was a resident of Georgia at

---

[4] Dickey also asserts that punitive damages are barred by the statute of limitations.  The Magistrate Judge addressed Dickey's argument on the statute of limitations in the second R&R.  (ECF No. 59, p. 8.)  His renewed argument on this issue does not provide a basis to modify the punitive damages award.

the filing of the plaintiff's lawsuit."  (ECF No. 61, ¶ 4.)  Dickey raised the same issue to the Magistrate Judge, who concluded that federal jurisdiction is proper because Dickey presented no evidence he was a *citizen* of South Carolina—the evidence presented only shows he may have an interest in certain real property within this state.  (ECF No. 59, pp. 9-10.)  Dickey's renewed argument does not persuade the Court that it lacks diversity jurisdiction, nor is there any basis not to accept the Magistrate Judge's analysis and conclusion on this issue.

In Paragraph 5, Dickey asserts the Magistrate Judge abused his discretion by not setting aside the default judgment under Federal Rule of Civil Procedure 55(c).  (ECF No. 61, ¶ 5.)  As the Magistrate Judge explained in the second R&R, Rule 55(c) governs setting aside an *entry of default*, but Rule 60(b) is the appropriate avenue to seek relief from a *final default judgment*.  Here, Dickey seeks relief from a final default judgment; therefore, Rule 60(b) is the appropriate standard.  Accordingly, Dickey's fifth objection does not provide a ground to reject the second R&R.

## CONCLUSION

In summary, Dickey finds himself in the situation he is in based on his total failure to competently represent Plaintiff in the Underlying Action or to be available to participate in these proceedings in federal court.  This Court finds no basis to provide relief based on the facts before it, the applicable law, or the arguments advanced by Dickey.  After careful consideration, Dickey's objections are **OVERRULED**, and the Magistrate Judge's second R&R is **ACCEPTED**.  For the reasons articulated by the Magistrate Judge and those set forth herein, Dickey's motion to set aside the default judgment is hereby **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Chief United States District Judge

March 31, 2016
Columbia, South Carolina